IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES E. CLARKE, et al.               :

                                      :

     v.                               :   Civil Action No. DKC 15-2452

                                      :

CHUYEN N. NGUYEN                      :

                                      :

**MEMORANDUM OPINION**

Defendant Chuyen N. Nguyen, removed this action from the Circuit Court for Montgomery County on the basis of federal question jurisdiction and diversity of citizenship. (ECF No. 1). On August 21, 2015, the court issued an Order citing 1) that Defendant is a Maryland resident, making removal on diversity grounds inappropriate; 2) that no complaint accompanied the notice of removal, making it impossible to show that a federal question appears on the face of the state court complaint; and 3) that the removal did not appear to have been filed within thirty days after the Defendant received a copy of the initial pleading. (ECF No. 4). Defendant was directed to show cause why this case should not be remanded to the Circuit Court for Montgomery County, Maryland, by September 4, 2015.

On September 4, Defendant filed a response to the Court's Standing Order but did not respond to the court's Show Cause Order. (ECF No. 6). Defendant alleges "The basis for this is

federal question" but gives no support for this contention. Defendant further states that "The case was removed within one year after the defendants, became aware of the violations of federal law."

Pursuant to 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question to federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The instant case is an *in rem* foreclosure proceeding, under Maryland state law, against property located in Maryland. *See Wells Fargo Home Mortg., Inc. v. Neal*, 398 Md. 705, 726 (2007) (quoting *G.E. Capital Mortgage Servs., Inc. v. Levenson*, 338 Md. 227, 245 (1995)) ("This 'power of sale' foreclosure is 'intended to be a summary, *in rem* proceeding' which carries out 'the policy of Maryland law to expedite mortgage foreclosures.'"). While the notice of removal and response to the Court's Order to Standing Order reflect that Defendant may be contemplating raising defenses based on federal law, for removal purposes, the court looks only to the complaint in determining whether a federal

2

question is presented.  *See Franchise Tax Bd.*, 463 U.S. at 10 ("For better or worse, under the present statutory scheme . . . a defendant may not remove a case to federal court unless the *plaintiff*'s complaint establishes that the case 'arises under' federal law." (emphasis in original)).

Diversity jurisdiction exists under 28 U.S.C. § 1332(a) in all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states.  However, a Maryland citizen is not permitted to remove on this basis. It is uncontroverted that Defendant is a citizen of the State of Maryland.  Moreover, the Civil Cover Sheet filed by Defendant recites that Plaintiff is also a citizen of Montgomery County, Maryland.  There is no basis shown for diversity jurisdiction.

Moreover, 28 U.S.C. § 1446(b) requires that a notice of removal must be filed within 30 days of receipt of the initial pleading setting forth the claim for relief.  The state court docket shows that this action was initiated on November 12, 2014, and affidavits of service were filed on November 26, 2014, indicating that the Defendant was served on November 24, 2014, via mail and by posting on November 22, 2014 (see State Court Docket Nos. 10 and 11).  The Removal Notice recites that Defendants were served by mail on our around March 24, 2015. The removal here, on August 19, 2015, is clearly untimely.

3

This is not the first case removed by this counsel improperly.   Since April, 2015, Mr. Johns has removed seven cases, five of which have been remanded.   This will be the sixth.   The seventh was removed on August 4, 2015, but counsel has still not filed the state court record as directed by the Clerk.   The Removal Notice is distressingly similar to those already found deficient.   Mr. Johns is forewarned that continued actions in removing obviously unremovable actions could result in referral to this court's disciplinary and admissions committee for consideration of sanctions.

By separate order, this case will be remanded.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge